UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEMITRIUS R. WHITFIELD,

*Plaintiff*,

– against –

NEW YORK STATE DIVISION OF CORPORATIONS,

*Defendant*.

**MEMORANDUM & ORDER**
26-cv-05457 (NCM) (PCG)

DEMITRIUS R. WHITFIELD,

*Plaintiff*,

– against –

JOHN JAY UNIVERSITY CRIMINAL JUSTICE ADMINISTRATION,

*Defendant*.

26-cv-05572 (NCM) (PCG)

**NATASHA C. MERLE**, United States District Judge:

On September 2 and 9, 2026, plaintiff Demitrius R. Whitfield, proceeding pro se, commenced the two above-captioned actions against the New York State Division of Corporations[1] and John Jay University Criminal Justice Administration. *See generally* Compl., No. 26-cv-05457, ECF No. 1 ("Division of Corps. Compl."); No. 26-cv-05572, ECF No. 1 ("John Jay Compl.") (collectively the "Complaints"). Plaintiff did not pay the

[1] Defendant is incorrectly named as the New York State Division of Corporation. The case caption has been corrected.

requisite filing fees for either action and seeks to proceed *in forma pauperis* ("IFP"). *See* No. 26-cv-05457, ECF No. 2; No. 26-cv-05572, ECF No. 2. Plaintiff's applications to proceed IFP are granted for the limited purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaints and directs plaintiff to show cause, within fourteen (14) days of the date of this Order, why the Court should not enter a filing injunction barring plaintiff from commencing any future action in the Eastern District of New York without first seeking leave from the Court.

## BACKGROUND

The Complaints are each handwritten on a form complaint. *See* Division of Corps. Compl.; John Jay Compl. The Complaints are brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging each defendant deprived plaintiff of his rights under the First and Sixth Amendments. Division of Corps. Compl. 4; John Jay Compl. 4.[2]

Plaintiff's complaint against the New York State Division of Corporations alleges defendant made "[m]isleading claims of filing requirements; but are willing to dispose of this case entirely if I receive my certificate of good status." Division of Corps. Compl. 5. In the section of the form complaint stating, "[i]f you are suing under Section 1983, explain how each defendant acted under color of state or local law," plaintiff states: "CPFB false advertising; intentional misrepresentation of information."[3] Division of Corps. 4. He

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[3] When quoting from plaintiff's filings, the Court has retained plaintiff's original spelling but has not in all instances retained plaintiff's original capitalization or

alleges these misleading claims were made on July 17, 2026, in New York State and asks the Court to award him "100,000,000 and/or 74 million in escro[w] account [and] the government contracts included in the IRS 8(a) application." Division of Corps. Compl. 5–6. Plaintiff marked "N/A" in the injuries section of the form complaint. Division of Corps. Compl. 6. Attached to the complaint is a Department of Veteran Affairs ("VA") form called "Statement in Support of Claim" ("VA form") filled in with handwritten notes stating that "Demitrius R. Whitfield Esq. dba Valor Enterprises LLC; Valorprudential PLLC(s); Goldies Bail Bonds LLC; Goldies Gifts & Charities LLC; will be submitting this paperwork as reference to ordering the Certificate of Good Standing and received some misrepresentation of information regarding the application process; so noted this will serve as notice of duty." Division of Corps. Compl. 8–9. Plaintiff subsequently filed a copy of a money order for $25.00 made to the "NY State Department Division of Corporation" and a VA form stating he "will be requesting a certificate of good status." Notice, No. 26-cv-05457, ECF No. 4.

Plaintiff's suit against John Jay University Criminal Justice Administration ("John Jay") includes substantially similar allegations. He alleges defendant acted under color of state or local law by "CPFB false advertising; intentional misrepresentation of information; slander; defamation of character." John Jay Compl. 4. He further alleges that John Jay made "misleading claims of requirements; defamation of character; hazing; targeting positive individuals; stopping usage of local & states funds regarding

formatting. Any alterations do not materially affect the meaning or substance of plaintiff's statements.

entrapment; continuous deception; showing little transparency for resilience." John Jay Compl. 5. The events underlying the complaint occurred on July 7, 2026, at "New York City University & College System []all CUNY schools are under John Jays Criminal Administration" and specifically at "Hostos Community College; Queens Borough Community College[.]" John Jay Compl. 5. Plaintiff marked "N/A" in the injuries section of the form complaint, and describes the relief he seeks as "small business administrations 8(a) program for individuals and businesses experiencing hardships intentionally by others in competition." John Jay Compl. 6. Plaintiff seeks "74 million plus contracts from the Federal courts or government." John Jay Compl. 6.

## LEGAL STANDARD

Courts are required to give special consideration to pro se litigants, those individuals who are not attorneys and represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving pro se litigants special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). "A pro se complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).[4]

[4] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of his claim against each named defendant so that they have adequate notice of the claims against them. *Id.* ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff's actions must be dismissed in their entirety because, even when construed liberally, each complaint lacks any arguable basis in law or fact and is thus frivolous. *El-Bey v. D.C.*, No. 17-cv-06203, 2019 WL 13548078, at *2 (E.D.N.Y. Oct. 17, 2019) ("An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.") (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

Plaintiff's Complaints must be dismissed for the additional reason that each defendant, an arm of the state, is immune from suit under the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

Plaintiff does not allege that the Division of Corporations has waived its sovereign immunity. Nor could he plausibly do so—"New York has not consented to § 1983 suits in federal court" and "Congress did not [intend to] abrogate the States' sovereign immunity when it enacted §[] 1983." *Walker v. NYS Just. Ctr. for Prot. of People with Special Needs*,

493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) (quoting *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (summary order)); *see Longi v. New York*, No. 02-cv-05821, 2006 WL 8441210, at *11 (E.D.N.Y. June 26, 2006), aff'd, 363 F. App'x 57 (2d Cir. 2010) (dismissing claims against the New York State Division of Corporations, among others, as barred by the Eleventh Amendment). Accordingly, plaintiff's suit against the New York State Division of Corporations is barred by the Eleventh Amendment.

Plaintiff's Complaint against John Jay University Criminal Justice Administration, a college in the City University of New York ("CUNY") system, is similarly barred by the Eleventh Amendment. CUNY is an "arm of the state" and therefore entitled to sovereign immunity. *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 82–83 (2d Cir. 2004) (finding that New York State "is responsible for paying money judgments entered against CUNY senior colleges" and that "ultimate control over how CUNY is governed and operated rests with the state"); *see also Bryan v. City Univ. of N.Y.*, No. 20-cv-01627, 2020 WL 1434708, at *2 (S.D.N.Y. Mar. 23, 2020) ("John Jay College is one of CUNY's senior colleges, and is therefore an arm of the state . . . [and] immune from suit in federal court for claims pursuant to § 1983."). Accordingly, plaintiff's suit against John Jay is also barred by the Eleventh Amendment.

Even if not dismissed for frivolousness or barred by the Eleventh Amendment, the Complaints should be dismissed for a third, independent reason: failure to meet Rule 8's minimal pleading requirements. Plaintiff fails to provide a "short and plain" statement of his claims in either action so that either defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."

*Harnage*, 916 F.3d at 141. He has neither asserted facts that suggest a violation of his constitutional rights or federal law, nor linked either defendant to any such violation. Plaintiff fails to explain the misleading statements made by either defendant or what "filing requirements" are at issue in either action for the Court to determine whether a constitutional right was implicated. *See* Division of Corps. 5; John Jay Compl. 5. Indeed, the Court is unable to determine exactly what claims plaintiff is attempting to allege and thus cannot evaluate whether plaintiff's allegations state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing pro se complaint where the court was "unable to determine exactly what claims [the] [p]laintiff [was] attempting to allege"). Even liberally construing the Complaints in plaintiff's favor, each complaint fails to state a claim upon which relief can be granted.

Accordingly, the Complaints are dismissed.

* * *

The Court has considered affording plaintiff an opportunity to amend the Complaints. Based on the incomprehensible nature of the Complaints and the number of frivolous complaints plaintiff has filed in this Court this year, *infra* § Order to Show Cause, the Court finds that any amendment would be futile and denies plaintiff leave to amend. *See Clifton v. Office of Temp. Disability OTDA*, No. 15-cv-06806, 2016 WL 482021, at *2 (E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the Court would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from [the] plaintiff's submission and prior litigation history with the Court that he cannot state

a plausible claim for relief. As such, any attempt to amend . . . would be futile."); *see also* *Glass v. U.S. Presidents Since 1960*, No. 17-cv-03141, 2017 WL 4621006, at *4 (E.D.N.Y. Oct. 12, 2017) (finding that the plaintiff's amended complaint rose "to the level of the irrational," and declining to afford the plaintiff an opportunity to further amend her complaint "given that the deficiencies therein [were] not such that could be cured by amendment").

**ORDER TO SHOW CAUSE**

District courts may enjoin filings by litigants who persist in filing repetitive suits that lack any merit. *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996); *see* *Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023) (observing the Second Circuit has approved anti-filing injunctions that "prohibited the filing of any matters in a designated category[,] against designated parties in demonstrated need of protection[,] [and] that required leave of court for future filings").

The Court previously issued a consolidated order on September 11, 2026, dismissing five other suits commenced by plaintiff and directing plaintiff to show cause why a filing injunction should not be entered. *Whitfield v. Hostos Community College*, No. 26-cv-04489, 2026 WL 2676672, at *1 (E.D.N.Y. Sept. 11, 2026).[5] Further, even before the Court's consolidated order, plaintiff was expressly warned against filing further frivolous, vexatious, and repetitive actions.[6] Indeed, in just the past eight months,

---

5 Prior to responding to the Order to Show Cause, plaintiff filed an appeal with the Second Circuit. *See* Notice of Appeal, No. 26-cv-04489, ECF No. 6.

6 In the Court's July 17, 2026 Order, plaintiff was warned "against filing future unintelligible IFP complaints." *Whitfield v. PNC Bank*, No. 26-cv-03242, ECF No. 5 at 6.

plaintiff has commenced at least 17 actions, 10 of which have been dismissed as frivolous. *See* Nos. 26-cv-02968 (dismissed as frivolous), 26-cv-03143 (same), 26-cv-03139 (same), 26-cv-03242 (same), 26-cv-03296 (same), 26-cv-04489 (same), 26-cv-04492 (same), 26-cv-04526 (same), 26-cv-05022 (same), 26-cv-05029 (same), 26-cv-05457, and 26-cv-05572. And five others have been dismissed for failure to satisfy Rule 8's pleading standard. S*ee* Nos. 26-cv-00471 (dismissed pursuant to Federal Rule of Civil Procedure 8), 26-cv-01079 (same), 26-cv-01080 (same), 26-cv-02103 (same), and 26-cv-02125 (same). Despite the Court's warnings, the two actions considered in this Order, follow a pattern of similarly incomprehensible and frivolous complaints by plaintiff.

Accordingly, within fourteen (14) days of this Order, plaintiff is hereby directed to show cause in writing why he should not be enjoined from filing any new action in the Eastern District of New York without first obtaining permission from this Court. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."). "A federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action pro se (that is,

---

*See* Memorandum & Order, *Whitfield v. Kaiser Corp.*, 26-cv-02103, ECF No. 8 at 5 (same) (July 1, 2026); Order, *Whitfield v. Kaiser*, No. 26-cv-02103, ECF No. 4 (May 6, 2026) ("Plaintiff is warned that he may not continue to squander scarce judicial resources. . . . Should [p]laintiff continue to submit complaints without the filing fee or completed IFP application, the Court will enter an Order directing the Clerk of Court to return without filing any civil action submitted by [p]laintiff that is not accompanied by the $405 filing fee or a completed IFP application.").

without counsel), without prior leave of that court." *White v. Uhler*, No. 14-cv-01400, 2017 WL 923345, at *4 (N.D.N.Y. Mar. 8, 2017) (collecting cases). The Court will evaluate the following factors to determine whether to impose such an injunction:

> (1) [T]he litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Stora v. N.Y.C. Bd. of Elections,* No. 25-cv-05004, 2026 WL 41247, at *3 (E.D.N.Y. Jan. 7, 2026) (quoting *Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 714 (2d Cir. 2019)).

Plaintiff's response to the Court's order to show cause must explain why these factors do not weigh in favor of imposing an injunction. Should plaintiff fail to adequately show cause, or should plaintiff continue filing frivolous, vexatious, and repetitive litigation, the Court may impose an injunction prohibiting him from future filings without seeking leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.").

## CONCLUSION

Accordingly, the Complaints are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). On or before October 29, 2026, the Court directs plaintiff to file a response to the Court's order to show cause setting forth why he should not be enjoined from filing any new civil actions without first obtaining the Court's permission. If plaintiff fails to file a response within the time allowed or if his affirmation fails to provide good

cause for why the filing injunction should not issue, the Court shall enter an order barring plaintiff from filing any new action without first obtaining the Court's permission.

The Clerk of Court is respectfully directed to enter judgment dismissing the actions, mail a copy of the judgment and this Memorandum and Order to plaintiff, note the mailing on the docket, and close the two cases.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: October 15, 2026
Brooklyn, New York